UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE TRAVIS,

    Plaintiff,

v.

GRETCHEN WHITMER, *et al.*,

    Defendants.
_____/

Case No. 1:23-cv-830

Hon. Paul L. Maloney

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by Maurice Travis ("Travis"), a prisoner in the custody of the Michigan Department of Corrections (MDOC). Travis has sued Michigan Governor Gretchen Whitmer ("Governor Whitmer"), MDOC Director Heidi Washington ("MDOC Director Washington"), Unknown Parties #1 (referred to in the complaint as "unknown medical employees MDOC"), and Unknown Parties #2 (referred to in the complaint at "psychiatrist / psychologist Et Al"). Compl. (ECF No. 1, PageID.4). This matter is now before the Court on defendants' motion for summary judgment on the basis of exhaustion (ECF No. 11). Travis did not oppose the motion.

    **I.**    **Background**

At the time plaintiff filed the complaint, he was incarcerated at the Bellamy Creek Correctional Facility (IBC). Travis is transgender and identifies as female. Compl. (ECF No. 1, PageID.2). Travis' claim involves the denial of gender confirmation surgery:

> I sought gender confirmation treatment to commence surgery of which I was granted the Estradiol and spironolactone treatment of has caused my chest to now have full size breast.

1

> When I requested for gender confirmation surgery I was delayed the treatment until denied by the medical department and Governor and Director when I asked for it to be done.

*Id.*[1]  For her relief, Travis seeks, among other things, corrective gender confirmation surgery, $250,000.00 in damages, and immediate parole. *Id*. at PageID.2-3.  The Court construes this claim as alleging an Eighth Amendment violation.

## II. Summary Judgment

### A. Legal standard

Defendants have moved for summary judgment for lack of exhaustion.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support

---

[1] *See Fisher v. Federal Bureau of Prisons*, 484 F. Supp. 3d 521, 528 fn. 3 (N.D. Ohio 2020) (noting that the term "sexual reassignment surgery" is now commonly referred to as "gender confirmation surgery").

> plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

Travis did not file a response in opposition to the motion for summary judgment. "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). The trial court is required to "intelligently and carefully review the legitimacy of such unresponded-to motion" and cannot "blithely accept the conclusions argued in the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992). However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Id*. at 405.

### B.   Lack of Exhaustion

#### 1.   Exhaustion requirement

The Prison Litigation Reform Act (PLRA) provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007).

In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

### 2. MDOC Grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* MDOC Policy Directive ("PD") 03.02.130 (effective March 18, 2019). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ Q. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ Q and S. The Policy Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ S (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ W. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ DD. Finally, if a prisoner is dissatisfied with the Step II response,

4

or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ HH.

### 3. Discussion

Travis' complaint does not set out the date when the gender confirmation surgery was allegedly denied. Presumably, the surgery was denied at some point before Travis filed her complaint on August 4, 2023. Travis does not seek relief against any particular member of the medical staff. Rather, Travis identified MDOC Director Washington and Governor Whitmer as the defendants in this action. Both defendants contend that they are entitled to summary judgment because Travis did not exhaust her administrative remedies.

As an initial matter, there is no evidence that Travis properly exhausted a grievance against defendant MDOC Director Washington. The only grievance which Travis exhausted through Step III is RMI-22-07-0827-28i ("827"). *See* MDOC Prisoner Step III Grievance Report (ECF No. 12-3, PageID.58). Grievance 827 included an incident date of June 29, 2022, and included a reference to sex reassignment surgery. Grievance 827 (ECF No. 12-4, PageID.65). The grievance was rejected at Step I for failing to attempt to resolve the issue with the staff member involved in the incident. Grievance 827 at PageID.62. The rejection was upheld on appeal at Steps II and III. *Id*. at PageID.59-61. Based on this record, Travis did not properly exhaust a grievance to support his claim against MDOC Director Washington. *Jones*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93. Accordingly, defendants' motion for summary judgment should be granted as to MDOC Director Washington.

However, defendants have failed to meet their burden of proof with respect to defendant Governor Whitmer. Nothing in the record indicates that the MDOC's grievance policy applies to complaints directed at the governor. In this regard, the MDOC grievance policy refers

5

to resolving an issue with prison "staff". *See, e.g.*, Policy Directive 03.02.130 ¶ Q ("Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue. . ."). Accordingly, defendants' motion for summary judgment should be denied as to Governor Whitmer.

### III.     Recommendation

For these reasons, I respectfully recommend that defendants' motion for summary judgment (ECF No. 11) be **GRANTED** as to defendant MDOC Director Washington and **DENIED** as to defendant Governor Whitmer.


Dated:  November 18, 2024                    /s/ Ray Kent
                                             RAY KENT
                                             United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).