UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE TRAVIS,

        Plaintiff,                      Case No. 1:23-cv-830

v.                                             Hon. Paul L. Maloney

GRETCHEN WHITMER, *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by plaintiff Maurice Travis, a prisoner in the custody of the Michigan Department of Corrections (MDOC). Plaintiff is incarcerated at the Bellamy Creek Correctional Facility (IBC). The remaining defendants are Michigan Governor Gretchen Whitmer, Unknown Parties #1 ("unknown medical employees MDOC") and Unknown Parties #2 ("psychiatrist / psychologist Et Al"). Compl. (ECF No. 1, PageID.4). This matter is now before the Court on the Governor's motion to dismiss (ECF No. 19).[1] Plaintiff did not oppose the motion.

    I.    **The complaint**

Plaintiff is transgender and identifies as female. Compl. (ECF No. 1, PageID.2). Plaintiff's claim involves the denial of gender confirmation surgery:

> I sought gender confirmation treatment to commence surgery of which I was granted the Estradiol and spironolactone treatment of has caused my chest to now have full size breast.

---

[1] The Court notes that defendant Heidi Washington joined in this motion to dismiss. However, the Court dismissed defendant Washington on December 19, 2024. *See* Order (ECF No. 21).

> When I requested for gender confirmation surgery I was delayed the treatment until denied by the medical department and Governor and Director when I asked for it to be done.

*Id.*[2] For her relief, plaintiff seeks, among other things, corrective gender confirmation surgery, $250,000.00 in damages, and immediate parole. *Id*. at PageID.2-3. The Court construes this claim as alleging an Eighth Amendment violation.

## II. Discussion

### A. Legal standard

The Governor moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Finally, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, "an unadorned,

---

[2] *See Fisher v. Federal Bureau of Prisons*, 484 F. Supp. 3d 521, 528 fn. 3 (N.D. Ohio 2020) (noting that the term "sexual reassignment surgery" is now commonly referred to as "gender confirmation surgery").

2

the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

### B. Plaintiff did not oppose the motion to dismiss

Plaintiff did not file a response to the Governor's motion to dismiss. This failure is fatal to her position, being both a forfeiture of her claim and a waiver of opposition to the relief sought in the motion. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss its claim amounts to a forfeiture of that claim). *See also, Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (same); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631-32 (W.D. Mich. 2015) (granting defendant's motion to dismiss where "Plaintiff fatally provides no opposition to Defendants' arguments") (citing *Scott*, *Notredan*, and *Humphrey*). For this reason alone, the Governor's motion to dismiss should be granted.

### C. Plaintiff made no allegations against the Governor

Next, plaintiff's complaint is deficient because it makes no allegations against the Governor. Rather, plaintiff's complaint consists of a conclusory statement that, "[w]hen I requested for gender confirmation surgery I was delayed the treatment until denied by the medical department and Governor and Director when I asked for it to be done." PageID.2. "Personal involvement is necessary to establish section 1983 liability." *Murphy v. Grenier*, 406 Fed. Appx. 972, 974 (6th Cir. 2011). *See Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999) ("It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged

3

in terms of their own actions."). Here, plaintiff alleged no facts linking the Governor to the alleged medical treatment decisions. Plaintiff's complaint consists of "an unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. For these reasons, the Governor's motion to dismiss should be granted.

### III.    Doe defendants

As discussed, plaintiff's lawsuit includes two groups of "unknown parties" (*i.e.*, "Doe" defendants): unknown medical employees at the MDOC and unknown psychiatrist / psychologist. *See* Compl. at PageID.4. A "Doe" defendant listed in a complaint is not a party to a lawsuit. Rather, "Doe defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed." *Hindes v. FDIC*, 137 F.3d 148, 155 (3rd Cir. 1998) (internal quotation and citation omitted). The failure to identify and serve a Doe defendant constitutes failure to prosecute and warrants a dismissal of that defendant. *See Saucier v. Camp Brighton Prison*, No. 13-15077, 2016 WL 11468926 at *3 (April 26, 2016), *R&R adopted*, 2016 WL 3251761 (E.D. Mich. June 14, 2016). Plaintiff filed this lawsuit nearly two years ago and has never identified the unknown (Doe) defendants. If the Court adopts this report and grants summary judgment in favor of defendant Governor Whitmer, then there will be no other party remaining in this lawsuit. Under those circumstances, plaintiff cannot maintain a lawsuit against the two groups of unserved, unidentified "Doe" defendants, and this Court should dismiss plaintiff's lawsuit without prejudice.

### IV.    Recommendation

Accordingly, I respectfully recommend that defendant Governor Whitmer's motion to dismiss (ECF No. 19) be **GRANTED**, that plaintiff's claims against the unknown parties (Doe defendants) be **DISMISSED without prejudice**, and that the lawsuit be **terminated**.

Date   July 28, 2025                              /s/ Ray Kent
                                                                        RAY KENT
                                                                        United States Magistrate Judge

**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).